OFFICE OF DISCIPLINARY COUNSEL *v.* CHAVERS.

[Cite as *Disciplinary Counsel v. Chavers* (1997), 80 Ohio St.3d 441.]

(No. 97–1313—Submitted August 26, 1997—Decided December 31, 1997.)

Jonathan E. Coughlan, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.

*Per Curiam.* Absent any mitigating circumstances, the normal penalty for ignoring previous orders of the court and continuing to practice law while under suspension is disbarment. *Disciplinary Counsel v. McDonald* (1995), 71 Ohio St.3d 628, 646 N.E.2d 819; *Cincinnati Bar Assn. v. Shabazz* (1995), 74 Ohio St.3d 24, 656 N.E.2d 325. Respondent continued to practice law by appearing in the common pleas court while suspended. His activities were not unlike those of the lawyer in *Akron Bar Assn. v. Thorpe* (1988), 40 Ohio St.3d 174, 532 N.E.2d 752, where we disbarred a suspended attorney who attempted to settle an accident claim. Here, we find no mitigating circumstances as we did in *Disciplinary Counsel v. Koury* (1997), 77 Ohio St.3d 433, 674 N.E.2d 1371, and *Disciplinary Counsel v. Bancsi* (1997), 79 Ohio St.3d 392, 683 N.E.2d 1072.

Moreover, respondent continued to practice in the bankruptcy court after being suspended by the Chief Judge of the United States District Court. Contrary to respondent's opinion at his deposition, such practice involved a violation of the Disciplinary Rules. Because the bankruptcy court is a unit of the United States District Court, Section 151, Title 28, U.S.Code, respondent's continued practice in the bankruptcy court after suspension by the district court constituted the practice of law in a jurisdiction where doing so violated the regulations of the profession of that jurisdiction. As a consequence, respondent violated DR 3–101(B). Even a practice limited to advising and representing clients solely on

federal law and appearing solely in federal court entails other activities in carrying out the practice of law that are not solely federal in nature and warrant state regulation. To file a bankruptcy case, a lawyer must counsel his client on Ohio law relating to exemptions and preferential and fraudulent transfers, among other matters. Respondent, therefore, by necessity counseled his client on Ohio law while he was suspended and not in good standing, although he filed the case in the bankruptcy court.

We accept the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs of these proceedings are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.